

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

November 15, 2013

**VIA FAX**

Hon. James L. Cott, United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
(212) 805-7990

                Re: <u>*Mireku v. Red Vision Systems, Inc., et al.*, 11 CV 9671 (RA) (JLC)</u>

Dear Judge Cott:

        Pursuant to the Court's October 30, 2013 Order, set forth below is the parties' joint statement setting forth why the settlement of this matter is fair and should be approved. A copy of the parties' settlement agreement is enclosed.

        The parties reached the settlement of this matter after participating in a settlement conference before Your Honor on August 28, 2013. At the conference, the parties agreed to settle the case for a total sum of $24,500. $12,000.00 of the settlement proceeds are being remitted to Plaintiff, and $12,500.00 are being remitted to her counsel.

**A.    Background**

        Red Vision Systems, Inc. ("Red Vision") is a real property search company. Its services are utilized by those seeking to research a property subject to a realty transaction, such as title examiners. Red Vision facilitates the review of public deeds and tax records to ensure that the property is ready for sale.

        Plaintiff began working for Red Vision in March 2009 as a municipal tax examiner when Red Vision acquired the prior company that she worked for. Plaintiff was responsible for going to municipal offices that housed public records pertaining to real property and retrieving documents sought by Red Vision's clients to determine that the property had good title. Each morning, Plaintiff logged into Red Vision's computer network to obtain the list of documents and information that she was to retrieve that day. After retrieving the documents and information that she needed from the municipal offices, Plaintiff would return to her home where she would again connect into Red Vision's computer network and electronically scan the documents that she retrieved that day into the system. She resigned her employment on November 30, 2011, at which time she was earning approximately $18.71 per hour.

Red Vision does not contest that Plaintiff was a non-exempt employee entitled to overtime wages pursuant to the Fair Labor Standards Act and the New York Labor Law. Accordingly, Plaintiff was required to record the specific hours that she worked each day. From March 2009 until July 2011, Plaintiff hand-recorded the time that she worked on time sheets that she prepared. She then submitted those time sheets to Red Vision. As the time sheets instructed, and particularly because Plaintiff worked out in the field and from home and not under the close supervision of a supervisor, Plaintiff was reminded of her requirement to accurately report her time on the time sheets that she filled out each week. In addition, Plaintiff was also reminded on the time sheets of Red Vision's policy that any overtime work be pre-approved by a supervisor. From March 2009 until July 2011, Plaintiff recorded the same hours nearly every single day, 8:30 a.m. – 5:00 p.m., with a half hour break (uncompensated) for lunch.

Beginning on July 1, 2011, Plaintiff's time was recorded electronically. In the six months Plaintiff worked at Red Vision and had her time recorded in this manner, Plaintiff worked approximately sixty-five (65) hours of overtime in total.

Despite the requirement to accurately record her time, and the hand-written time records prepared by, signed off on, and submitted by Plaintiff, Plaintiff now claims that, during the period in which she recorded her time by hand (March 2009 through July 1, 2011), she worked "off the clock" work each day that she was not compensated for.

**B.    Assessment of Settlement**

Plaintiff has contended that she worked approximately three hours of un-clocked overtime per day from July 9, 2009 through July 1, 2011, the period in which she hand-recorded her time. Defendants contend that they had no reason to know that Plaintiff was performing any "off the clock" work and dispute that they could even be liable for such time. See Kellar v. Summit Seating, Inc., 664 F.3d 169 (7th Cir. 2011) (dismissing Plaintiff's claim for off-the-clock work where plaintiff's supervisors never observed her performing off the clock work, she wrote her time cards by hand and never indicated that she started her shift earlier, and she was aware of the employer's policy prohibiting overtime without prior permission).

While Plaintiff contends that she worked three hours of overtime a day from March 2009 through July 1, 2011, this pattern of overtime appears inconsistent with the hours Plaintiff actually worked when her when her time was electronically recorded. Specifically, in the five months that Plaintiff's time was recorded accurately, she worked sixty-five hours of overtime, in total.

Furthermore, while Plaintiff did not record her hours electronically from March 2009 through July 1, 2011, given that she had to log into Red Vision's computer network to obtain her work assignment, and then complete her work by scanning into the system documents she retrieved (and such scans were time stamped), Red Vision was able to track her time over the course of this period to determine a more accurate estimate of the purported overtime Plaintiff worked during this time rather than just the three hours per day that she claims to have worked without any documentary support. Based upon Red Vision's review of Plaintiff's computer

2

records from March 2009 through July 2011, Red Vision calculated that Plaintiff was entitled to approximately $4,100.00 in overtime during this period. Accordingly, factoring in $4,100.00 for liquidated damages, the evidence demonstrates Plaintiff's total damages to be $8,200.00. Thus, the $12,000.00 Plaintiff will receive in settlement of her claims here is indeed a reasonable settlement of her claim.

C.  **Reasonableness of Attorney's Fees**

As of the time of this letter, Plaintiff's attorneys have worked 43.5 hours in this action for Plaintiff. Based on the portion of the settlement designated as Plaintiff's attorney's fees, after subtracting Plaintiff's costs of $981.22, Plaintiff's attorneys' effective hourly rate is $264.80, which is reasonable in this jurisdiction for attorneys with Plaintiff's attorneys' education and experience and in this practice area, and is consistent with or below rates at which Plaintiff's attorneys have been approved as reasonable in other actions. A copy of Plaintiff's attorneys' time sheet is enclosed.

Yours,

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: : /s/ Brandon D. Sherr
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

KAUFMAN DOLOWICH & VOLUCK, LLP

By: /s/ Jeffery A. Meyer
Jeffery A. Meyer
jmeyer@kdvlaw.com
135 CROSSWAYS PARK DR STE 201
WOODBURY, NY 11797-2005
Telephone: (516) 283-8707
Facsimile: (516) 681-1101
**ATTORNEY FOR DEFENDANTS**

Enclosure (1)

# Time Sheet

11/15/2013

Mireku v. Red Vision
Date Range: All
Status: Pending

| Date | Hrs | Timekeep | Amount |
|---|---|---|---|
| 12/15/2011 | .10 | BDS | $50.00 |
| | | Spoke with client by telephone. | |
| 12/28/2011 | 2.00 | BDS | $1,000.00 |
| | | Preparing complaint. | |
| 12/29/2011 | 1.00 | BDS | $500.00 |
| | | Preparing civil action cover, summonses. | |
| 02/03/2012 | .10 | BDS | $50.00 |
| | | Spoke with opposing counsel by telephone. | |
| 02/06/2012 | .80 | BDS | $400.00 |
| | | Preparing stipulation to extend defendants' time to answer or move. | |
| 02/13/2012 | .10 | BDS | $50.00 |
| | | Prepared stipulation to entend time to answer or move. | |
| 02/24/2012 | .70 | BDS | $350.00 |
| | | Prepared joint letter to court, corresponded with opposing counsel by email, left voice message for opposing counsel. | |
| 02/28/2012 | .30 | BDS | $150.00 |
| | | Prepared joint letter to court, corresponded with opposing counsel by email, spoke with opposing counsel by telephone. | |
| 02/28/2012 | .20 | BDS | $100.00 |
| | | Prepared joint letter to court, corresponded with opposing counsel by email. | |
| 03/13/2012 | .80 | BDS | $400.00 |
| | | Court conference. | |
| 03/27/2012 | .10 | BDS | $50.00 |
| | | Spoke with client by telephone. | |
| 05/29/2012 | .10 | BDS | $50.00 |
| | | Corresponded with opposing counsel by email. | |
| 06/12/2012 | .30 | BDS | $150.00 |
| | | Corresponded with opposing counsel by email. | |
| 06/12/2012 | .70 | BDS | $350.00 |
| | | Prepared letter to court. | |
| 06/21/2012 | 1.80 | BDS | $900.00 |
| | | Written Discovery, Draft/revise | |
| 07/23/2012 | .10 | BDS | $50.00 |
| | | Other Case Assessment, Development and Administration, Communicate (with client) | |
| 07/26/2012 | .10 | BDS | $50.00 |
| | | Written Discovery, Communicate (other outside counsel) | |
| 08/06/2012 | .10 | BDS | $50.00 |
| | | Written Discovery, Communicate (other outside counsel) | |
| 08/14/2012 | .10 | BDS | $50.00 |
| | | Written Discovery, Communicate (other outside counsel) | |
| 08/30/2012 | .10 | BDS | $50.00 |
| | | Other Case Assessment, Development and Administration, Communicate (with client) | |
| 08/30/2012 | .30 | BDS | $150.00 |
| | | Discovery Motions, Draft/revise | |
| 09/20/2012 | .20 | BDS | $100.00 |
| | | Discovery Motions, Communicate (with client) | |

# Time Sheet

11/15/2013

Mireku v. Red Vision
Date Range: All
Status: Pending

| Date | Hrs | Timekeep | Amount |
|---|---|---|---|
| 09/27/2012 | 2.80 | BDS | $1,400.00 |
| | | Written Discovery, Draft/revise, Court Mandated Conferences, Appear for/atten | |
| 10/09/2012 | .40 | BDS | $200.00 |
| | | Class Action Certification and Notice, Draft/revise, Communicate (other outside counsel) | |
| 10/12/2012 | .10 | BDS | $50.00 |
| | | Other Case Assessment, Development and Administration, Communicate (other outside counsel) | |
| 10/18/2012 | .10 | BDS | $50.00 |
| | | Written Discovery, Communicate (other outside counsel) | |
| 10/24/2012 | .10 | BDS | $50.00 |
| | | Written Discovery, Communicate (other outside counsel) | |
| 10/26/2012 | .60 | BDS | $300.00 |
| | | Discovery Motions, Draft/revise, Communicate (other outside counsel), Communicate (other external) | |
| 10/26/2012 | .40 | BDS | $200.00 |
| | | Written Discovery, Communicate (with client) | |
| 11/12/2012 | 1.00 | BDS | $500.00 |
| | | Document Production, Draft/revise, Plan and prepare for | |
| 11/12/2012 | 1.10 | BDS | $550.00 |
| | | Written Discovery, Draft/revise, Communicate (with client), Document Production, Plan and prepare for, Communicate (with client) | |
| 11/13/2012 | .10 | BDS | $50.00 |
| | | Written Discovery, Draft/revise | |
| 11/13/2012 | 2.00 | BDS | $1,000.00 |
| | | Discovery Motions, Draft/revise | |
| 11/13/2012 | .40 | BDS | $200.00 |
| | | Document Production, Plan and prepare for, Document/File Management, Manage data/files | |
| 11/14/2012 | .10 | BDS | $50.00 |
| | | Discovery Motions, Review/analyze, Manage data/files | |
| 11/15/2012 | .50 | BDS | $250.00 |
| | | Court Mandated Conferences, Appear for/atten | |
| 12/19/2012 | .10 | BDS | $50.00 |
| | | Other Case Assessment, Development and Administration, Communicate (with client) | |
| 01/16/2013 | .10 | BDS | $50.00 |
| | | Other Discovery, Communicate (other outside counsel) | |
| 01/16/2013 | .20 | BDS | $100.00 |
| | | Other Discovery, Communicate (other outside counsel) | |
| 01/17/2013 | 1.00 | BDS | $500.00 |
| | | Court Mandated Conferences, Appear for/atten | |
| 01/22/2013 | .10 | BDS | $50.00 |
| | | Depositions, Communicate (with client) | |
| 02/12/2013 | .20 | BDS | $100.00 |
| | | Depositions, Communicate (with client), Communicate (other outside counsel) | |
| 02/15/2013 | .10 | BDS | $50.00 |
| | | Depositions, Communicate (other outside counsel) | |

# Time Sheet

Mireku v. Red Vision
Date Range: All
Status: Pending

11/15/2013

| Date | Hrs | Timekeep | Amount |
|---|---|---|---|
| 02/18/2013 | .10 | BDS | $50.00 |
| | | Depositions, Communicate (other outside counsel) | |
| 02/21/2013 | .60 | BDS | $300.00 |
| | | Depositions, Communicate (other outside counsel) | |
| 02/22/2013 | 1.00 | BDS | $500.00 |
| | | Court Mandated Conferences, Draft/revise, Communicate (other outside counsel) | |
| 02/27/2013 | .60 | BDS | $300.00 |
| | | Depositions, Draft/revise | |
| 03/11/2013 | 1.50 | BDS | $750.00 |
| | | Depositions, Appear for/atten | |
| 03/13/2013 | 1.00 | BDS | $500.00 |
| | | Discovery Motions, Draft/revise, Communicate (other outside counsel) | |
| 03/15/2013 | .50 | BDS | $250.00 |
| | | Court Mandated Conferences, Appear for/atten | |
| 03/21/2013 | 1.30 | BDS | $650.00 |
| | | Class Action Certification and Notice, Draft/revise, Communicate (other outside counsel) | |
| 03/22/2013 | 2.30 | BDS | $1,150.00 |
| | | Class Action Certification and Notice, Draft/revise, Communicate (other outside counsel) | |
| 03/22/2013 | .60 | BDS | $300.00 |
| | | Class Action Certification and Notice, Manage data/files | |
| 03/29/2013 | .10 | BDS | $50.00 |
| | | Other Case Assessment, Development and Administration, Communicate (with client) | |
| 04/09/2013 | 1.10 | BDS | $550.00 |
| | | Class Action Certification and Notice, Draft/revise, Plan and prepare for, Communicate (other outside counsel) | |
| 04/10/2013 | .20 | BDS | $100.00 |
| | | Class Action Certification and Notice, Plan and prepare for | |
| 04/10/2013 | .10 | BDS | $50.00 |
| | | Class Action Certification and Notice, Communicate (with client), Communicate (other outside counsel) | |
| 04/12/2013 | .20 | BDS | $100.00 |
| | | Fact Investigation/Development, Communicate (other external) | |
| 04/12/2013 | .10 | BDS | $50.00 |
| | | Depositions, Manage data/files, Communicate (other external) | |
| 04/23/2013 | .20 | BDS | $100.00 |
| | | Document/File Management, Manage data/files | |
| 04/29/2013 | .10 | BDS | $50.00 |
| | | Fact Investigation/Development, Communicate (with client) | |
| 05/28/2013 | .60 | BDS | $300.00 |
| | | Depositions, Communicate (other outside counsel), Manage data/files | |
| 06/10/2013 | .10 | BDS | $50.00 |
| | | Class Action Certification and Notice, Communicate (with client) | |
| 07/03/2013 | .50 | BDS | $250.00 |
| | | Other Written Motions and Submissions, Draft/revise, Communicate (other outside counsel) | |
| 07/08/2013 | .10 | BDS | $50.00 |
| | | Other Written Motions and Submissions, Manage data/files | |

# Time Sheet

11/15/2013

Mireku v. Red Vision
Date Range: All
Status: Pending

| Date | Hrs | Timekeep | Amount |
|---|---|---|---|
| 07/09/2013 | .10 | BDS | $50.00 |
| | | Fact Investigation/Development, Communicate (with client) | |
| 07/11/2013 | 1.30 | BDS | $650.00 |
| | | Fact Investigation/Development, Communicate (with client) | |
| 07/16/2013 | .20 | BDS | $100.00 |
| | | Fact Investigation/Development, Communicate (with client) | |
| 08/22/2013 | .10 | BDS | $50.00 |
| | | Settlement/Non-Binding ADR, Plan and prepare for | |
| 08/22/2013 | 1.40 | JAZ | $700.00 |
| | | Communicate (with client) | |
| 08/22/2013 | 2.60 | JAZ | $1,300.00 |
| | | Draft/revise | |
| 08/26/2013 | 1.70 | JAZ | $850.00 |
| | | Draft/revise | |
| 09/24/2013 | .10 | BDS | $50.00 |
| | | Settlement/Non-Binding ADR, Communicate (with client) | |
| 09/30/2013 | .10 | BDS | $50.00 |
| | | Settlement/Non-Binding ADR, Communicate (with client) | |
| 10/03/2013 | .70 | JAZ | $350.00 |
| | | Communicate (other outside counsel), Communicate (with client) | |
| 11/15/2013 | .70 | JAZ | $350.00 |
| | | Communicate (other outside counsel), Draft/revise | |

Total hours:  43.50                                                                Total Amount:  $18,700.00